IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and CNA CLAIMPLUS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CRESENT ENTERPRISES, INC. d/b/a CRESENT FINE FURNITURE,<br><br>Defendant. | Civil Action No. 3:13cv98 |

## AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiffs American Casualty Company of Reading, Pennsylvania, and CNA ClaimPlus, Inc. (collectively "Plaintiffs"), by way of Complaint against Defendant Cresent Enterprises, Inc. d/b/a Cresent Fine Furniture, say:

### THE PARTIES

1. Plaintiff American Casualty Company of Reading, Pennsylvania ("American") is an insurance carrier organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. American is authorized to transact business in the State of Tennessee.

2. Plaintiff CNA ClaimPlus, Inc. ("ClaimPlus") is a corporation organized under the laws of the State of Nevada with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois 60604. ClaimPlus is authorized to transact business in the State of Tennessee.

3. Defendant Cresent Enterprises, Inc. d/b/a Cresent Fine Furniture ("Defendant") is a corporation organized under the laws of the State of Tennessee with a principal place of business at 350 Maple Street, Gallatin, Tennessee.

## JURISDICTIONAL ALLEGATIONS

4. The amount in controversy between the parties exceeds $75,000.

5. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKROUND

6. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 5 as if fully set forth herein.

The 2002 Insurance Program

7. American issued a policy of workers' compensation and employers liability insurance to Defendant under Policy No. WC 2047853587 for the effective dates of October 1, 2002 through October 1, 2003 ("2002 Policy"). Attached hereto as **Exhibit A**, is a true and correct copy of the 2002 Policy.

8. American and Defendant entered into a Finance Agreement in connection with the 2002 Policy ("the 2002 Finance Agreement"). Attached hereto as **Exhibit B**, is a true and correct copy of the 2002 Finance Agreement.

9. ClaimPlus and Defendant entered into a Claim Services Agreement in connection with the 2002 Policy ("the 2002 Claim Services Agreement"). Attached hereto as **Exhibit C**, is a true and correct copy of the 2002 Claim Service Agreement.

10. The 2002 Policy, the 2002 Finance Agreement, the 2002 Claim Service Agreement form the Paid Loss Workers' Compensation Large Deductible Insurance Program

negotiated and agreed to by American, ClaimPlus and Defendant. The terms of this insurance program were further outlined in a Confirmation Letter sent by American and ClaimPlus to Defendant ("the 2002 Confirmation Letter"). The 2002 Policy, the 2002 Finance Agreement, the 2002 Claim Services Agreement, and the 2002 Confirmation Letter are hereinafter collectively referred to as "the 2002 Program." Attached hereto as **Exhibit D**, is a true and correct copy of the 2002 Confirmation Letter.

The 2003 Insurance Program

11. American renewed Policy No. WC 2047853587 for the effective dates of October 1, 2003 through October 1, 2004 ("2003 Policy"). Attached hereto as **Exhibit E**, is a true and correct copy of the 2003 Policy.

12. American and Defendant entered into a Finance Agreement in connection with the 2003 Policy ("the 2003 Finance Agreement"). Attached hereto as **Exhibit F**, is a true and correct copy of the 2003 Finance Agreement.

13. ClaimPlus and Defendant entered into a Claim Services Agreement in connection with the 2003 Policy ("the 2003 Claim Services Agreement"). Attached hereto as **Exhibit G**, is a true and correct copy of the 2003 Claim Services Agreement.

14. The 2003 Policy, the 2003 Finance Agreement, the 2003 Claim Service Agreement form the Paid Loss Workers' Compensation Large Deductible Insurance Program negotiated and agreed to by American, ClaimPlus and Defendant. The terms of this insurance program were further outlined in a Confirmation Letter sent by American and ClaimPlus to Defendant ("the 2003 Confirmation Letter"). The 2003 Policy, the 2003 Finance Agreement, the 2003 Claim Services Agreement, and the 2003 Confirmation Letter are hereinafter collectively

referred to as "the 2003 Program." Attached hereto as **Exhibit H**, is a true and correct copy of the 2003 Confirmation Letter.

The 2004 Insurance Program

15. American renewed Policy No. WC 2047853587 for the effective dates of October 1, 2004 through October 1, 2005 ("2004 Policy"). Attached hereto as **Exhibit I**, is a true and correct copy of the 2004 Policy.

16. American and Defendant entered into a Finance Agreement in connection with the 2004 Policy ("the 2004 Finance Agreement"). Attached hereto as **Exhibit J**, is a true and correct copy of the 2004 Finance Agreement.

17. ClaimPlus and Defendant entered into a Claim Services Agreement in connection with the 2004 Policy ("the 2004 Claim Services Agreement"). Attached hereto as **Exhibit K**, is a true and correct copy of the 2004 Claim Services Agreement

18. The 2004 Policy, the 2004 Finance Agreement, the 2004 Claim Service Agreement form the Paid Loss Workers' Compensation Large Deductible Insurance Program negotiated and agreed to by American, ClaimPlus and Defendant. The terms of this insurance program were further outlined in a Confirmation Letter sent by American and ClaimPlus to Defendant ("the 2004 Confirmation Letter"). The 2004 Policy, the 2004 Finance Agreement, the 2004 Claim Services Agreement, and the 2004 Confirmation Letter are hereinafter collectively referred to as "the 2004 Program." Attached hereto as **Exhibit L**, is a true and correct copy of the 2004 Confirmation Letter.

Defendant's Obligations Pursuant to the Terms of the Insurance Programs

19. Pursuant to the terms of the 2002 Program, the 2003 Program and the 2004 Program (hereinafter collectively referred to as "the Programs), Defendant has certain deductible

obligations to reimburse Plaintiffs for amounts associated with claims submitted for coverage under the Programs, including paid losses, expenses, claims handling fees, taxes, surcharges and interest, as well as reserves on claims covered by the Programs after the Programs convert to an incurred loss basis.

20. The Programs provide for a conversion of each of the Programs from a paid loss basis to an incurred loss basis. The conversions, which occurred at forty-two (42) months from the start of the effective dates of each of the policies.

21. Pursuant to the terms of the Programs, Defendant is responsible for the first $250,000 of each claim submitted for coverage.

22. Pursuant to the terms of the Programs, Defendant is obligated to pay claims handling fees to ClaimPlus in an amount equal to a percentage of losses and expenses associated with the claims submitted for coverage under the Programs.

23. The Programs, subsequent to the conversion, provide for annual calculations of the amounts owed by Defendant to Plaintiffs for reimbursement of incurred losses, expenses, taxes, surcharges and claims handling fees. Pursuant to the terms of the Programs, these annual calculations are performed with incurred losses valued as to the first day of April and continue from year to year until all claims submitted for coverage under the Programs have closed. These calculations are hereinafter referred to as "Claim Reimbursement and Fees Billing Evaluations."

24. Pursuant to the terms of the Programs, Defendant is also required to provide and maintain sufficient collateral for the benefit of Plaintiffs to secure Defendant's obligations under the Programs. The Programs further provide for periodic calculations and adjustments of Defendant's collateral obligations.

25. The Programs provide that Plaintiffs are entitled to interest on past due amounts at the 90-day commercial paper rate as published in the Wall Street Journal – Midwest Edition on the first Friday of the month of the due date of an invoice plus 5%.

26. The Programs provide that Plaintiffs are entitled to reimbursement for attorney fees, expenses and litigation costs necessary to collect past due amounts.

<u>The Monies Owed by Defendant to Plaintiffs</u>

27. The 2002 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2010 to April 1, 2011, produced an additional $35,304 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

28. The 2003 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2010 to April 1, 2011, produced an additional $196 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

29. The 2004 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2010 to April 1, 2011, produced an additional $48,356 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

30. The 2002 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2011 to April 1, 2012, produced an additional $1,867 owed by Defendant

6

Case 3:13-cv-00098 Document 16 Filed 04/23/13 Page 6 of 10 PageID #: 49

to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

31. The 2003 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2011 to April 1, 2012, produced an additional $68 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

32. The 2004 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2011 to April 1, 2012 produced an additional $4,312 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

33. The 2002 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2012 to April 1, 2013, produced a credit of $8,976.

34. The 2003 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2012 to April 1, 2013, produced an additional $175 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

35. The 2004 Program Claim Reimbursement and Fees Billing Evaluation for the billing period April 1, 2012 to April 1, 2013, produced an additional $2,945 owed by Defendant to Plaintiffs. Plaintiffs sent the calculation documents and a corresponding invoice for these

additional amounts to Defendant in a timely fashion. Defendant, however, has failed and refused to remit payment.

36. Defendant is currently indebted to Plaintiffs in the amount of $84,247 ($35,304 + $196 + $48,356 + $1,867 + $68 + $4,312 - $8,976 + $175 + $2,945) due to its failure and refusal to remit payment of the additional amounts generated by the foregoing Claim Reimbursement and Fees Billing Evaluations.

37. Plaintiffs have repeatedly demanded payment of the $84,247 balance owed by Defendant to Plaintiffs and attempted to collect same without success.

## COUNT ONE
(Breach of Contract)

38. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 37 as if fully set forth herein.

39. Defendant has failed, refused and continues to refuse to pay the $84,247 balance due and owing to Plaintiffs.

40. Plaintiffs have consistently met and fulfilled their contractual obligations to Defendant.

41. Defendant, through its failure and refusal to remit payment, has breached the contracts which form the Programs.

42. Defendant's failure and refusal to pay the $84,247 balance which it owes to Plaintiffs has resulted in damages to Plaintiffs in the amount of $84,247, plus pre-judgment and post-judgment interest, attorney's fees and discretionary costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $84,247 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

43. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiffs have provided insurance coverage and related services to Defendant for which Defendant has refused to pay. Defendant has been unjustly enriched thereby.

45. Plaintiffs have demanded that Defendant remit payment of the amounts due and owing to Plaintiffs.

46. Defendant has failed, refused and continues to refuse to pay the $84,247 balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $84,247, plus pre-judgment and post-judgment interest, attorney's fees and discretionary costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $84,247 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

47. Plaintiffs repeat, restate and reallege the allegation of Paragraphs 1 through 46 as if fully set forth herein.

48. Defendant, being indebted to Plaintiffs in the sum of $84,247 upon an account stated between them, promised to pay Plaintiffs said sum on demand.

49. Plaintiffs have demanded payment of the amount due and owing from Defendant to Plaintiffs on numerous occasions prior to filing the instant litigation.

50. Plaintiffs have attempted to collect the amount due and owing from Defendant to Plaintiffs without success.

51. Defendant has failed, refused and continues to refuse to pay the $84,247 balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $84,247, plus pre-judgment and post-judgment interest, attorney's fees and discretionary costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $84,247 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

By: _____
Samuel J. Thomas
325 Columbia Turnpike, Suite 301
Florhmam Park, NJ 07932
(973) 514-1200

Attorneys for Plaintiffs

4/23/13
Date