IN THE UNITED STATES COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and CNA CLAIMPLUS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No.: 3:13cv98 |
| v. | ) ) | Judge Trauger |
| CRESENT ENTERPRISES, INC., | ) ) ) | Magistrate Judge Knowles |
| Defendant. | ) | |

## REVISED AGREED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER  ECK

This Agreed Confidentiality Agreement and Protective Order ("Confidentiality Agreement") is entered into by and between: Plaintiffs American Casualty Company of Reading, Pennsylvania and CNA ClaimPlus, Inc. (hereinafter collectively referred to as "Plaintiffs"); and Defendant Cresent Enterprises, Inc. ("Defendant").

A.  On or about February 7, 2013, Plaintiffs filed a Complaint against Defendant in the United States District Court for the Middle District of Tennessee ("Complaint").

B.  On or about February 28, 2013, Defendant filed an Answer to the Complaint ("Answer").

C.  The Complaint and the Answer are hereinafter collectively referred to as "the Action."

D.  Plaintiffs and Defendant (the "Parties") acknowledge that certain documents produced or to be produced in the Action contain or may contain: (1) both confidential and/or non public personal information which may be protected by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. 1320(d) and 45 CFR 160-164 ("HIPAA"); and/or (2) both

confidential and/or non public personal information which may be protected by the Gramm-Leach-Bliley Act and the privacy laws of the State of Tennessee; (3) information subject to the attorney-client privilege and/or attorney work product doctrine; and (4) proprietary trade secrets and confidential financial information.

E. The Parties hereto acknowledge and agree that it is their intention and agreement that the protective order provisions set forth in this Confidentiality Agreement shall protect any such documents from disclosure. The Parties hereto further acknowledge and agree that it is their intention and agreement that the production of confidential documents for purposes related to the Action is not a waiver of any privilege including, but not limited to, the attorney-client privilege and attorney work product privilege.

F. The Parties hereto acknowledge and agree that any documents containing confidential information and/or any documents which describe confidential information shall be filed with the Court only under seal. *The parties shall comply with the Requirements of Procter & Gamble v Bankers Trust Co., 78 F3d 219 (6th Cir. 1996), Brown & Williamson Tobacco Corp. v FTC, 710 F2d 1165 (6th Cir. 1983) and Section 5.07 of Administrative Order No. 167. ECK*

WHEREFORE, the Parties hereto, by and through their respective counsel of record herein, stipulate and agree as follows:

1. The Parties acknowledge and agree that certain documents exchanged during the course of the Action may contain: (a) confidential medical information which may be protected by HIPAA; (b) both confidential medical and non public personal information which may be protected by the Gramm-Bliley Act and the privacy laws of the State of Tennessee; (c) information and documents subject to the attorney-client privilege and/or attorney work product doctrine; and (d) proprietary trade secrets and confidential financial information owed by the Parties. As such, the parties hereto agree that said documents shall be deemed "Confidential Information" and shall be treated in accordance with the terms of this Confidentiality Agreement.

2. This Confidentiality Agreement shall apply to all Litigation Materials deemed to contain Confidential Information. "Litigation Materials" shall mean any information disclosed in any form or manner during the course of the Action, including documents or other information disclosed during discovery, settlement negotiations, hearings or trial, including in any pleadings, affidavit, exhibit, brief, motion, transcript or other writing, or in testimony given in a deposition, hearing or trial.

3. With respect to the production of Confidential Information, the producing party may designate as confidential any portion of any Litigation Materials believed in good faith to contain Confidential Information, by stamping **"CONFIDENTIAL"** on the document in such a manner not to interfere with the legibility of such document.

4. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect: (i) confidential and/or non public personal information which may be protected by HIPAA; (ii) both confidential medical and non public personal information which may be protected by the Gramm-Leach-Bliley Act and the privacy laws of the State of Tennessee; (iii) information and documents subject to the attorney-client privilege and/or attorney work product doctrine; and (iv) proprietary trade secrets and confidential financial information owed by the Parties; (b) prejudice in any way the right of a party at any time to: (i) challenge the application of HIPAA, the Gramm Leach-Bliley Act, the attorney-client privilege, the attorney work product doctrine, and/or any trade secret privilege to any information and/or documents produced or to be produced in this cause of action; (ii) seek a determination by the Court that any particular document or piece of information should be subject to the terms of this Order; (iii) seek relief on appropriate notice from any provision(s) of this Order as to any

particular document or piece of information; or (iv) object to any discovery request, including the right to assert that the discovery should not be had of certain documents or information.

5. In the event that a party withholds production of any information or document upon a claim that such information or document is confidential due to attorney-client privilege or attorney work product doctrine, said party must produce a privilege log containing at least the following information: (i) the date of the document; (ii) the full name, job title, and capacity of the author and of each recipient of the document, including all persons copied; (iii) the relationship between each recipient and the client and/or author; (iv) a description of the subject matter of the document with information sufficient to demonstrate the existence of the privilege; (v) whether the primary purpose of the document was to seek or provide legal advice or services and whether the document was transmitted in confidence; (vi) sufficient information to demonstrate that each element of the doctrine or privilege is satisfied; (vii) a statement that the privilege has not been subsequently waived; and (viii) the Bates numbers of withheld documents.

6. In the event that a party withholds production of any information or document upon a claim that such information or document is confidential due to a trade secret or similar privilege, said party must produce a privilege log containing at least the following: (i) the date of the document; (ii) the full name, job title, and capacity of the author and of each recipient of the document, including all persons copied; (iii) a description of the subject matter of the document with information sufficient to demonstrate the existence of the privilege, including: (a) the extent to which the information is known outside the business; (b) the extent to which the information is known by employees and others involved in the business; (c) the extent of the measures taken by the party claiming the privilege to guard the secrecy of the information; (d) the value of the information to the party claiming the privilege and to said party's competitors; (e) the amount of

effort or money expended by the party claiming the privilege to develop the information; and (f) the ease or difficulty with which the information could be properly acquired or duplicated by others.

7. If a party receiving Litigation Materials desires to designate as confidential any materials produced by another party or a non-party, such party may do so by sending written notice to opposing counsel designating such portions of the Litigation Materials as confidential within two weeks after the Litigation Materials are received by that party. Any other party in possession of such Litigation Materials designated as confidential pursuant to this Paragraph shall as soon as practicable stamp "**CONFIDENTIAL**" on all copies of the designated documents they possess. All Litigation Materials produced by a party or by a non-party or received by a party shall be treated as confidential during the two-week period to preserve the confidentiality of such Litigation Materials during the two-week period.

8. Confidential Information disclosed during depositions in this litigation may be designated on the record as confidential. Within fifteen (15) days of receipt of a deposition transcript, counsel shall designate as confidential any additional specific pages and lines of the transcript or video recording of the deposition which contains Confidential Information. Nothing in this Confidentiality Agreement shall be construed to prohibit any party or, if appropriate, any expert witness or third party witness, from attending any deposition in this case.

9. If applicable, at any deposition session or other proceeding in the Action, when counsel for the Plaintiffs or Defendant believes that the answer to a question or expected statements at the proceeding likely will result in the disclosure of any information, document or matter required to be kept confidential by this Confidentiality Agreement, such counsel shall have the option to request that all persons other than the reporter, counsel of record, and

individuals entitled to view such Confidential Information under this Confidentiality Agreement, leave the room during the confidential portion of the deposition or proceedings. The failure of such other persons to comply with such a request shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending or to otherwise protect the record during these proceedings.

10. Subject to Paragraph 16 of this Confidentiality Agreement and Stipulated Protective Order, the Parties agree that Confidential Information shall be deemed confidential and shall only be used for the purposes of prosecuting and/or defending the Action, including any appeal thereof. Confidential Information shall not be disclosed, disseminated or otherwise made available to or communicated in any way to any person or entity who is not a party to this Confidentiality Agreement except:

   (a) Parties to the Action, including officers, and employees assisting in preparation of the party's case;

   (b) outside counsel for the Parties, including outside counsel's office attorneys, paralegals and clerical employees, who are directly involved in the prosecution or defense of the Action;

   (c) in-house counsel and other employees of the Parties who are directly involved in the prosecution or defense of the Action;

   (d) the United States District Court for the Middle District of Tennessee, court personnel, and court reporters employed in connection with the Action;

   (e) a witness in the Action, but only after the witness has become a signatory to this Confidentiality Agreement by completing and signing the Agreement to be Bound by Confidentiality Agreement and Stipulated

Protective Order annexed hereto as Attachment A, during his or her deposition and to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of transcripts. Witnesses shall not make copies, take photographs, or otherwise duplicate the copies of documents received in connection with review of transcripts and shall return all such copies within ten (10) days of receipt ; and

(f) experts retained for the Action, but only after the expert has become a signatory to this Confidentiality Agreement by completing and signing the Agreement to be Bound by Confidentiality Agreement and Stipulated Protective Order annexed hereto as Attachment A.

11. All Confidential Information produced in accordance with this Confidentiality Agreement shall be used by the recipient solely for purposes of the Action including the arbitration, mediation, prosecution, defense, re-trial, appeal or settlement of the Action, for testimony and exhibits at the trial and appeal of the Action, or in connection with motions, depositions or witness preparation in the Action subject to the restrictions of this Confidentiality Agreement, but such use shall not include, *inter alia*, use for or in connection with any administrative, governmental, commercial or business activity, including but not limited to research, development, manufacture, sale, solicitation or marketing of any product or process, or for purposes of publicity, or in any legal proceeding other than the Action.

12. Confidential Information not otherwise challenged pursuant to Paragraphs 15 and/or 16, below, may not and shall not be used in connection with any other legal,

administrative or regulatory proceeding, except in prosecuting and/or defending the Action or any litigation which may arise due to a breach of this Confidentiality Agreement.

13. No failure or delay by any party in exercising any right, power or privilege under this Confidentiality Agreement shall operate as either a waiver thereof or an estoppel thereof. A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

14. Any and all notes, reports or other documents created by any individuals indentified in Paragraph 7 above, related to Confidential Information, shall be deemed confidential, shall not be disclosed to any person or entity who is not a party to this Confidentiality Agreement or the Action (except for the Parties' counsel and respective experts, if any), and shall not be used in any litigation except for the Action and except for any litigation which may arise due to a breach of this Confidentiality Agreement.

15. Each party expressly retains the right to challenge the confidential designation of any documents or testimony by appropriate motion. Should any party dispute the confidentiality of any so designated Litigation Materials, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move for a ruling by the Court on the propriety of the designation, setting forth the reasons for disputing the designation. In the event a dispute arises that requires a court ruling, the party maintaining the confidentiality designation has the burden of persuasion and proof in establishing that such information does contain Confidential Information. Such motion shall contain a representation that the parties have conferred in good faith prior to filing of any such motion but were unable to resolve the dispute. Any such dispute shall not be grounds for an objection or refusal to permit discovery. During the pendency of any such challenge, and any

appeal on the Court's decision on such motion, the document(s) or information shall be deemed confidential as designated, and shall be governed by the provisions of this Confidentiality Agreement.

16. If a party to this Confidentiality Agreement is required by court order or rule of law to release or disclose any Litigation Materials required to be kept confidential by this Confidentiality Agreement, reasonable notice of no less than ten (10) days shall be given to all other parties before responding to, or complying with, such court order or rule of law so that any party may have the opportunity to resist the release or disclose by timely and appropriate process.

17. A party receiving Confidential Information agrees to indemnify and hold harmless the party producing such Confidential Information, along with its employees, officers, parent companies, affiliates, subsidiaries, successors or assigns, against any and all claims, losses, costs, damages, liabilities, and expenses (including defense of legal actions and reasonable attorneys' fees) arising out of, resulting from, or in any way relating to, directly or indirectly, any breach of the terms of this Confidentiality Agreement by the receiving party, its attorney(s), or its experts and/or consultants.

18. The Parties agree to utilize any reasonable procedures which the Court may require in order to preserve any information, document or matter required to be kept confidential by this Confidentiality Agreement for purposes of the Action and any related proceedings. This may include Confidential Information which a party's consultant, expert, or auditor has access to and believes is relevant to the determination of issues relevant to the Action, but which may not be disclosed pursuant to the terms of HIPAA, and/or the Gramm-Leach-Bliley Act and/or the privacy laws of the State of Tennessee. The Court may provide explicit instructions for handling

such Confidential Information if the Court determines that such confidential information is subject to the protections of HIPAA, and/or the Gramm-Leach-Bliley Act and/or the privacy laws of the State of Tennessee, and relevant to the issues in the Action.

19. Subject to any further instructions of the Court, any information, document or matter required to be kept confidential by this Confidentiality Agreement may be disclosed at any hearing or proceeding in this matter before the Court pursuant to agreement or Order of the Court. The parties hereto acknowledge and agree that any documents containing Confidential Information which a party wishes to utilize in any Court hearing or proceeding shall be filed under seal. Prior to any hearing or proceeding in this matter, the parties and the Court shall establish procedures governing the use and protection of Confidential Information.

20. Nothing in this Confidentiality Agreement shall preclude a party from disclosing or using its own information or documents which are deemed confidential pursuant to this Confidentiality Agreement. Such disclosure shall not waive the protections of this Confidentiality Agreement, unless such disclosure places the information within the general public knowledge, and shall not entitle other parties or persons or their attorneys to disclose such information or documents in violation of this Confidentiality Agreement.

21. Plaintiffs or Defendant may move the Court for an order that evidence containing or consisting of any information, document or matter required to be kept confidential by this Confidentiality Agreement be received at any hearing or proceeding in this matter under conditions to prevent its disclosure to persons not entitled under this Confidentiality Agreement to have access to it. Nothing in this Confidentiality Agreement shall operate as an admission that any particular material is, or is not, admissible in evidence at any trial or other proceeding in this Action.

22. In the event Confidential Information or any other document or matter required to be kept confidential by this Confidentiality Agreement is disclosed to any person or entity in the manner other than that authorized under the terms of this Confidentiality Agreement, the party responsible for the unauthorized disclosure shall, immediately upon learning of such disclosure, inform in writing the other parties hereto of all pertinent facts relating to such disclosure and shall make every effort to prevent further unauthorized disclosure of the information.

23. Counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Confidentiality Agreement, duplication of, or access to, or distribution of any and all information, documents or matters required to be kept confidential by this Confidentiality Agreement.

24. Any and all privileges relating to Confidential Information are preserved. The Parties agree that the production of Confidential Information to an expert for purposes related to the Action is not a waiver of any privilege including, but not limited to, the attorney-client privilege and attorney work product privilege.

25. The protection of any and all information, documents or matters required to be kept confidential by this Confidentiality Agreement shall not terminate at the conclusion of the Action.

26. Within sixty-three (63) days after the conclusion of all aspects of the Action, whether by dismissal, settlement or otherwise, Confidential Information, and any and all information, documents and matters required to be kept confidential by this Confidentiality Agreement, as well as any and all materials evidencing information contained in Confidential Information and any and all information, documents and matter required to be kept confidential by this Confidentiality Agreement, shall be returned to the party who produced such document,

or at the option of the producer, destroyed, unless the document has been marked into evidence or filed without retriction as to disclosure. All counsel of record, if requested, shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than sixty-three (63) days after the final termination of the Action.

27. This Confidentiality Agreement is binding and effective between the Parties hereto immediately upon the execution of the Confidentiality Agreement.

28. This Confidentiality Agreement may be executed in counterpart.

29. This Confidentiality Agreement may not be supplemented, modified or amended in any manner, except by an instrument in writing, stating that it is a supplement, modification or amendment, signed by the Parties or their respective counsel of record herein or by Order of the Court.

30. Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Litigation Materials, or to seek modifications of this Order upon due notice to all other parties.

31. No waiver of any of the provisions of this Confidentiality Agreement shall be deemed and does not constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

32. All terms and provisions contained in this Confidentiality Agreement shall inure to the benefit of and shall be binding upon and enforceable by the parties hereto and their respective agents, representatives, heirs, successors and assigns.

33. This Confidentiality Agreement has been entered into and shall be construed and interpreted in accordance with the laws of the State of Tennessee.

34. The parties to this Confidentiality Agreement have had the opportunity to read, negotiate, review and present this stipulation to counsel of their own choosing and agree that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation or construction of this agreement.

35. Nothing in this Confidentiality Agreement is intended or will be construed as a waiver or impairment of any party's rights, claims, defenses or positions in the Action or any other matter.

36. This Confidentiality Agreement is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Confidentiality Agreement is intended or will be construed as a waiver or impairment of any party's right to conduct complete discovery, seek judicial relief or enter into any other or further confidentiality agreement or protective order stipulation with any of the parties hereto.

37. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

38. All notices required to be sent to Plaintiffs by this Confidentiality Agreement shall be delivered to Samuel J. Thomas, Esq. by facsimile at (973) 514-1660 and by U.S. Mail to the following address: Bressler, Amery & Ross, P.C., P.O. Box 1980, Morristown, NJ 07962.

39. All notices required to be sent to Defendant by this Confidentiality Agreement shall be delivered to William J. Moore, Esq. by facsimile at (615) 452-8698 and by U.S. Mail to the following address: Law Offices of William L. Moore, Jr., 119 Public Square, Gallatin, TN 37066.

It is so ORDERED.

Entered this _____ day of November, 2013

                                                                                           _____
                                                                                  Magistrate Judge E. Clifton Knowles

AGREED TO:

On behalf of Plaintiffs:                          On behalf of Defendant:

/s/ Dennis E. Kadian                           /s/ William J. Moore
Samuel J. Thomas, Esq.                      William J. Moore, Esq. (Bar No. 10556)
Dennis E. Kadian, Esq.                       LAW OFFICES OF WILLIAM L. MOORE, JR.
BRESSLER, AMERY & ROSS, P.C.        119 Public Square
325 Columbia Turnpike                       Gallatin, TN 37066
Florham Park, NJ 07932


/s/ John E. Anderson, Sr.
John E. Anderson, Sr., Esq. (Bar No. 13698)
DICKINSON WRIGHT, PLLC
424 Church Street, Suite 1401
Nashville, TN 37219

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via the Court's electronic filing system to:

        William L. Moore, Esq.
        119 Public Square
        Gallatin, Tennessee 37066

        Samuel J. Thomas, Esq.
        Dennis E. Kadian, Esq.
        Bressler, Amery & Ross, P.C.
        350 Columbia Turnpike
        Florham Park, New Jersey 07932

Dated: November 8, 2013.

                                                             /s/ John E. Anderson, Sr.
                                                             John E. Anderson, Sr.

# ATTACHMENT A

# AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____, declare as follows:

1. My full name is: _____

2. My business address is: _____
_____

3. My present employer is: _____

4, My present occupation or job description is: _____

5. I hereby acknowledge that I may receive Confidential Information in the civil litigation matter entitled *American Casualty Company of Reading, Pennsylvania and CNA ClaimPlus, Inc. v. Cresent Enterprises, Inc.* pending in the United States District Court for the Middle District of Tennessee Civil No. 3:13cv98, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Confidentiality Agreement and Stipulated Protective Order (the "Confidentiality Agreement") in this Action.

6. I further state that I have been given a copy of and have read the Confidentiality Agreement, that I am familiar with its terms, that I agree to comply with and be bound by each of the terms thereto, and I agree to hold in confidence any Confidential Information disclosed to me pursuant to the terms of the Confidentiality Agreement.

7. To assure my compliance with the Confidentiality Agreement, I hereby submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the limited purpose of any proceeding relating to the performance under, compliance with, or violation of the Confidentiality Agreement.

8. I understand that I am to retain all of the materials that I receive which have been designated as Confidential Information in a location in which the materials will be secure, that I will return or destroy all Confidential Information (and any documents or materials or notes containing reference to such Confidential Information), at the written request of the person from whom I received the Confidential Information.

9. I understand that my obligation to protect Confidential Information received in this matter from disclosure continues even after the matter is concluded.

I declare under penalty of perjury under the laws of the State of _____ and the United States of America that the foregoing is true and correct.

_____
Signature

_____
Print Name

_____
Date