# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and CNA CLAIMPLUS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CRESENT ENTERPRISES, INC. d/b/a CRESENT FINE FURNITURE, <br><br> Defendant. | Case No. 3:13-cv-00098 <br> Judge Trauger / Knowles |

## ORDER

This matter is before the Court upon Defendant's "Motion to Compel." Docket No. 54. Defendant has filed a supporting Memorandum of Law. Docket No. 55. Plaintiffs have filed a Memorandum of Law in Opposition to the Motion. Docket No. 58. Judge Trauger has referred the Motion to the undersigned for disposition. Docket No. 56.

In the Motion, Defendant seeks to compel Plaintiffs "to respond to *Defendant's Amended Requests for Production of Documents to Plaintiffs American Casualty Company of Reading, Pennsylvania and CNA Claimplus, Inc.*"[1] Docket No. 54, p. 1 (italics in original). The Motion to Compel also states: "In support of the Motion the Defendant also relies upon Exhibit B, *Defendant's Responses to Plaintiffs' First Set of Interrogatories*, and the Memorandum of Law

---

[1] While Defendant states that the referenced document is attached "hereto," the document is actually attached to the Memorandum in support of the Motion to Compel. Docket No. 55-1.

contemporaneously filed, which is incorporated herein by reference."[2] *Id.*

This is the second Motion to Compel filed by Defendant. The first Motion to Compel, which concerned Defendant's First Set of Interrogatories and First Set of Requests for Production to Plaintiffs, was filed by Defendant on September 19, 2013. Docket No. 25. Judge Trauger referred the previous Motion to Compel to the undersigned on September 26, 2013. Docket No. 29. The undersigned held a telephone discovery conference regarding the first Motion to Compel on November 1, 2013. On November 13, 2013, the undersigned entered an Order stating in relevant part as follows:

> The parties have submitted an "Agreed Confidentiality Agreement and Protective Order" (Docket No. 39-1), which the Court has revised slightly and which has been entered (Docket No. 40). Based upon statements made during the telephone discovery conference held on November 1, 2013, the Court understands that the referenced Confidential Agreement and Protective Order resolves the disputes set forth in Defendant's "Motion for a Qualified Protective Order" (Docket No. 24) and in Defendant's "Motion to Compel Discovery" (Docket No. 25).
>
> For the foregoing reasons, the referenced Motions are DENIED as MOOT.

Docket No. 41.

Approximately six weeks later, in late January 2014, Defendant submitted to Plaintiffs

---

[2] It is extremely unclear why Defendant has filed a copy of its own responses to Plaintiffs' First Set of Interrogatories. Those responses appear to the Court to be completely unrelated to Defendant's attempts to compel Plaintiffs to respond to Defendant's Amended Requests for Production of Documents. Even if Defendant's responses to Plaintiffs' First Set of Interrogatories were relevant, however, the Court notes that Defendant's responses are not made under oath, as required by Fed. R. Civ. P. 33(b)(3).

The referenced Responses are again attached to the supporting Memorandum, not to the Motion itself. Docket No. 55-2.

the Amended Requests for Production of Documents that are the subject of the instant Motion.[3]
The instant Motion to Compel was filed only one week after Plaintiffs received the Amended Requests for Production and three weeks before Plaintiffs' response to the Amended Requests was even due.

Local Rule 37.01 provides in relevant part as follows:

> (a) Joint Written Statement. Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issues shall be attached to any discovery motion.
>
> . . .
>
> (b)(2) Motions to compel discovery in accordance with Rules 30, 33, 34, 36, and 37 of the *Federal Rules of Civil Procedure* shall:
>
> > (a) Quote verbatim each . . . request for production to which objection has been taken;
> >
> > (b) Include the response and the grounds assigned for the objection (if not apparent from the objection) . . .

Defendant's counsel has failed to comply with the referenced Local Rules. Counsel has not submitted a joint written statement as required by Local Rule 37.01(a).

Furthermore, Defendant has not even submitted Plaintiffs' Responses to the Amended Requests for Production. Instead, Defendant has submitted a copy of its amended requests for production that does not contain any responses (Docket No. 55-1) and, as discussed above, a

---

[3] Plaintiffs state, "Although the Amended Document Requests were purportedly sent on January 21, 2014, via e-mail and regular mail, the requests were only received by regular mail on January 27, 2014." Docket No. 58, p. 2.

3

copy of Defendant's own Responses to Plaintiffs' first set of interrogatories (Docket No. 55-2).[4]

Thus, Defendant has also failed to comply with Local Rule 37.01(b)(2)(b).

Plaintiffs further point out that the amended requests for production at issue were served in the final days of January 2014, more than two months after the discovery cut-off deadline of November 13, 2013, had passed, and after CNA had filed its Motion for Summary Judgment. Docket No. 58, p. 2.[5]

For the foregoing reasons, the instant Motion to Compel (Docket No. 54) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[4] In its supporting Memorandum, Defendant does quote five interrogatories it submitted to Plaintiffs, with Plaintiffs' responses thereto, and six requests for production of documents it submitted to Plaintiffs, with responses. Docket No. 55, p. 4-10. As Defendant concedes, however, these discovery requests and responses are Defendant's original requests for discovery and Plaintiffs' original responses. *Id.*, p. 4. But there is no pending Motion to Compel with regard to Defendant's original discovery to Plaintiffs, since Defendant's original Motion to Compel was denied as moot.

[5] The undersigned notes that, just prior to the filing of the instant Motion, Judge Trauger entered an Order denying Defendant's Motion to Modify Initial Case Management Order. Docket Nos. 51, 53. Judge Trauger did, however, give Defendant permission "to file a Motion to compel in order to secure the policies and procedures that he claims have not yet been furnished by the plaintiffs." Docket No. 53.